UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:11-cr-22 |
| v. | ) | |
| | ) | Judge Mattice |
| JAMES A. BURKE | ) | |

# ORDER

Before the Court is the Objection to the Magistrate's Report and Recommendation and Memorandum in Support [Court Doc. 35] filed by Defendant James A. Burke.

Mr. Burke filed his Motion to Suppress Statements Made March 3, 2011 and Evidence Obtained from Keith Street Storage and Memorandum in Support Thereof [Court Doc. 21] on October 5, 2011. Magistrate Judge Susan K. Lee held hearings on Mr. Burke's motion to suppress on November 9, and November 10, 2011. Magistrate Judge Lee filed her Report and Recommendation (R&R) recommending that Mr. Burke's Motion to Suppress be denied on November 30, 2011 [Court Doc. 33]. Mr. Burke filed his instant objection to the Report and Recommendation [Court Doc. 35] on December 19, 2011 and requested the transcripts of such hearing on February 6, 2012 [Court Doc. 37]. The transcripts of said hearings were filed of court record on March 13, 2012 [Court Doc. 39] and on June 20, 2012 [Court Doc. 41].

For the following reasons, the Court will **ACCEPT** and **ADOPT** the Magistrate Judges R&R [Court Doc. 33] and will **DENY** Defendant's Motion to Suppress Statements Made March 3, 2011 and Evidence Obtained from Keith Street Storage [Court Doc. 21].

## I. STANDARD OF REVIEW

This Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's Findings or Recommendations. 28 U.S.C. §636(b)(1)(C).

## II. FACTS

The Defendant has not requested that the Court hold another evidentiary hearing on his instant motion and, based on a careful review of the entire record, the Court finds no reason to do so. Therefore, the Court will **ACCEPT** and **ADOPT** by reference Magistrate Judge Lee's Statement of Facts in her Report and Recommendation [Court Doc. 33, pp. 1-9].

## III. ANALYSIS

The substance of Defendant Burke's objections to the Report and Recommendation consists of his disagreement with Magistrate Judge Lee's findings and conclusions regarding the adequacy of the verbal and written *Miranda* warnings provided to Mr. Burke by Tennessee Bureau of Investigation Special Agent Bryan Freeman following Mr. Burke's arrest but prior to his confessions to law enforcement. Magistrate Judge Lee summarized her findings in this regard as follows:

> I **FIND** the oral and the written warnings, both together and separately, reasonably conveyed to Defendant his rights as required by *Miranda*, *See Eagan*, 492 U.S. at 203. None of Defendant's arguments concerning alleged deficiencies in the oral or written warnings he received, or the Form he signed, are supported by valid reasoning or authority. The relevant question is not whether Defendant knew and understood every possible consequence of his waiver. Rather, the question is whether Defendant knew he could choose not to talk to the agents, to talk only with counsel present, or to discontinue

talking at any time. *See Garner*, 557 F.3d at 261 (quoting *Spring*, 479 U.S. at 574). No credible evidence suggests that the oral or written Miranda warnings were defective or confusing or failed to provide Defendant with the requisite information he needed to relinquish his rights. I **FIND** that Defendant was adequately and effectively apprised of his rights as required by *Miranda* and he waived those rights.

[Court Doc. 33, Report and Recommendation, at p. 15].

With respect to the verbal warnings provided by Agent Freeman to Mr. Burke, the relevant proof is contained in the following excerpts from the transcript of Mr. Burke's counsel's cross-examination of Agent Freeman at the November 9, 2011 evidentiary hearing on Mr. Burke's instant motion:

> Q  Let me start by, if you would, could you please without looking or referring to anything recite the *Miranda* rights as you recited them 1,000 times before?
>
> A  Before we ask you any questions, you must understand your constitutional rights. You have the right to remain silent. Anything you say can and may be used against you in a court of law. You have the right to an attorney. If you cannot afford an attorney, one will be appointed to represent you without cost. If you decide to answer questions now without an attorney present, you still have the right to stop answering questions at any time until you talk to an attorney.
>
> . . .
>
> Q  And was the verbal recitation the one you just gave us on the record?
>
> A  It would have been that or very similar to that, yes.
>
> Q  I mean, it's important that you don't – how many other variations could you have given him, or, I mean, it was presented on direct that the rights would have been the same, you do the same way every time, same words?
>
> A  Yes. Pretty much. It would have been pretty close to

>            that, yes.
>
> Q         Close to that?
>
> A         Yes.
>
> Q         And so, you did that verbally and you got a verbal response from him?
>
> A         Yes.
>
> . . . .
>
> A         We asked him if he wanted to talk to us about what was going on there and he indicated, yes, he wanted to. He was willing to talk to us.
>
> Q         What did he say?
>
> A         He replied, yes, he was willing to talk with us.

[Court Doc. 39, Transcript of Suppression Hearing, pp. 23-24 and 27-28].

With respect to the written *Miranda* warnings provided to Mr. Burke following his arrest, the substance of those warnings are set forth in the document signed by both Mr. Burke and Special Agent Freeman and introduced into evidence as Government Exhibit 1 at the evidentiary hearing. The following excerpt appears immediately above Mr. Burke's and Special Agent Freeman's signatures on that document:

> **TENNESSEE BUREAU OF INVESTIGATION WARNINGS AS TO CONSTITUTIONAL RIGHTS**
>
> Before we ask you any questions, you must understand your constitutional rights:
>
> You have the right to remain silent, and you need not answer any questions;
>
> If you do answer questions, your answers can be used as evidence against you in court;

> You have the right to consult with a lawyer before or during questioning;
>
> If you cannot afford to hire a lawyer, one will be provided to you without cost;
>
> If you decide to answer questions now, without a lawyer present, you will still have the right to stop answering questions at any time until you talk to a lawyer.
>
>
> WAIVER
>
> I have read, or have had read to me, my constitutional rights. I understand what my rights are, and I am willing to make a statement and answer questions without a lawyer being present.

Government Exhibit 1.

In *Miranda v. Arizona*, 384 U.S. 436 (1966), the United States Supreme Court announced that a person in custody must, prior to interrogation, be clearly informed that he has the right to remain silent, and that anything he says will be used against him in Court; he must be clearly informed that he has the right to consult with a lawyer and have the lawyer with him during interrogation, and that, if he is indigent, a lawyer will be appointed to represent him. *Id,* pp. 467-473. If the individual in custody indicates, prior to or during questioning, that he wishes to remain silent, the interrogation must cease; if he states that he wants an attorney, the questioning must cease until an attorney is present. *Id.*, pp. 473-474.

The precise contours of the commands of *Miranda* have been further refined by the Supreme Court in a number of subsequent cases. For example, in *Duckworth v. Eagan*, 492 U.S. 195 (1989), the Court made clear that the *Miranda* warnings need not be given

in the exact form described in *Miranda* but simply must reasonably convey to a suspect his rights. *Id.* at pp,. 201-203. In *Duckworth*, the Court found that [t]he initial warnings given to respondent - that he had a right to remain silent, that anything he said could be used against him in court, that he had the right to speak to an attorney before and during questioning even if he could not afford to hire one, that he had the right to stop answering questions at anytime until he talked to a lawyer, and that the police could not provide him with a lawyer but one would be appointed "if and when you go to court" - touched all the bases required by *Miranda*. *Id.*

In the case at bar, the Court has thoroughly reviewed the entire record, including Magistrate Judge Lee's Report and Recommendation [Court Doc. 33], Defendant Burke's Objection thereto [Court Doc. 35], and the Government's Response [Court Doc. 36], as well as the transcripts of the evidentiary hearing on the instant motion [Court Docs. 39 and 41]. Given all the facts and circumstances revealed in the record, there can be no doubt that the *Miranda* warnings afforded to Mr. Burke during the subject encounter were more than adequate to reasonably convey the requisite substance of those warnings.

Moreover, given the facts and circumstances revealed by the record, including, but not limited to Magistrate Judge Lee's credibility findings as contained in her Report and Recommendation, *See* Court Doc. 33, pp. 8-9, there can be no doubt that Defendant Burke clearly understood the nature, scope and consequences of those warnings and of his knowing and voluntary waiver of the rights conveyed by those warnings.

## IV. CONCLUSION

Accordingly, and for the reasons set forth herein, the Court will **ACCEPT** and **ADOPT** Magistrate Judge Lee's Report and Recommendation [Court Doc. 33] pursuant to 28 U.S.C. §363(b)(1)(c) and the Defendant's Motion to Suppress Statements Made March 3, 2011 and Evidence Obtained from Keith Street Storage [Court Doc. 21] will be **DENIED.**

SO ORDERED this 15th day of November, 2012.

/s/Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE